STATE OF CONNECTICUT *v.* STEPHEN CASSIDY
(AC 20455)

Lavery, C. J., and Mihalakos and Stoughton, Js.

Argued January 24—officially released March 20, 2001

*Del Atwell,* special public defender, for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, *Maureen Platt Temchin,* assistant state's attorney, and *Peter Anthopolos,* former special deputy assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, C. J. The defendant, Stephen Cassidy, appeals from the judgment of the trial court sentencing him to the statutory maximum for the crime of violation of probation. The defendant claims that the court improperly (1) imposed the maximum sentence and (2) failed to allow him to withdraw his guilty plea to the violation of probation charge. We reverse the judgment of the trial court.

The following facts are necessary for our resolution of this appeal. In 1993, the defendant was convicted of failure to appear in the first degree, robbery in the

first degree, kidnapping in the first degree and unlawful restraint in the first degree. On appeal, our Supreme Court reversed the judgment of conviction and ordered a new trial on all but the failure to appear charge.[1] On December 19, 1996, the defendant pleaded guilty to the crimes of failure to appear in the first degree in violation of General Statutes § 53a-172 (a), robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) and unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a). The parties agree that the court sentenced the defendant to a total effective sentence of ten years, execution suspended after five years, with five years probation.

The defendant was released from custody in December, 1996. On July 16, 1997, the state filed an information charging the defendant pursuant to General Statutes § 53a-32 with violating the conditions of his probation. On August 14, 1997, the state and the defendant entered into an oral plea agreement whereby the defendant agreed to plead guilty to a violation of probation. In return, the state agreed to recommend a sentence of six years imprisonment. On August 14, 1997, at the plea canvass, the state, the defendant's attorney and the court improperly advised the defendant that he was subject to a maximum sentence of ten years, when in fact, there were only five years remaining on his previously imposed sentence. In accordance with the plea agreement, the defendant pleaded guilty to the charge and accepted the court's sentence of six years imprisonment.

Sometime thereafter, but prior to September 21, 1999, the defendant filed a motion to correct the sentence. He argued that his six year sentence was illegal because

[1] *State* v. *Cassidy*, 236 Conn. 112, 120, 672 A.2d 899, cert. denied, 519 U.S. 910, 117 S. Ct. 273, 136 L. Ed. 2d 196 (1996), overruled in part on other grounds, *State* v. *Alexander*, 254 Conn. 290, 296, 755 A.2d 868 (2000).

it exceeded the five year suspended time imposed in the original sentence. On September 21, 1999, the court granted the defendant's motion to correct the sentence and reduced the term of incarceration to five years, the maximum time allowable. The defendant then requested permission to withdraw his guilty plea because he had based his admission on an agreement that he would receive less than the maximum sentence. The court, however, did not allow the defendant to withdraw his plea. The defendant thereafter filed the present appeal.

On appeal, the defendant claims that his plea was involuntary because the court misinformed him of the penalty on the charges against him, that his plea was induced by that misinformation and was, therefore, improperly accepted by the court. We agree.

The state concedes that the defendant is entitled to withdraw his admission to the violation of probation charge. Although we are not bound by a party's concession; *State* v. *Coleman*, 41 Conn. App. 255, 275 n.19, 675 A.2d 887 (1996), rev'd on other grounds, 242 Conn. 523, 700 A.2d 14 (1997); in this case we agree with the state. The court should have allowed the defendant to withdraw the plea that he made subsequent to receiving incorrect information in regard to the maximum penalty. Because we conclude that the court improperly denied the defendant's motion to withdraw his guilty plea, we need not address the defendant's remaining claims.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to withdraw his guilty plea and for further proceedings in accordance with law.

In this opinion the other judges concurred.